| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br>In Re:<br><br>**LALITA DEVI SUKHRAMN and<br>ESHWAR NAUTH SUKHRAMN**,<br><br>                        Debtors.<br>------------------------------------------------------------ | 13-3589448<br><br>Chapter 7<br><br>Case No. 11-42627 (JF) |

## REPLY AFFIRMATION TO DEBTORS' OBJECTION TO TRUSTEE'S APPLICATION FOR ORDER UNDER RULE 2004

       ROBERT L. GELTZER, ESQ., the Trustee herein (the "Trustee"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

       1.     On March 30, 2011 (the "Petition Date"), Lalita Devi Sukhramn and Eshwar Nauth Sukramn, the debtors (hereinafter "Debtors"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

       2.     Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about March 30, 2011, Robert L. Geltzer, Esq. was appointed Trustee for the estate of the above-captioned Debtors, duly qualified, and is now acting as such Trustee.

       3.     This is the Trustee's reply to the October 19, 2011 opposition of the Debtors by their attorney, Naresh M. Gehi, Esq. ("Gehi"), to the Trustee's application for an order pursuant to Federal Rule of Bankruptcy Procedure (the "Rule") 2004 (the "Application").

## ARGUMENT

**I.    The Rule 2004 Application is not Time Barred**

4.    Gehi argues in his opposition that "the application for an order authorizing a Rule 2004 examination is both [sic] statutorily time barred under 4004 of the Federal Rules of Bankruptcy" because the Debtors received their discharges.[1] There is absolutely no correlation in the Bankruptcy Code and Rules between Rules 2004 and 4004.  Further "[a] discharge does not insulate a debtor from discovery. . . . The discharge only protects [the debtor] from being sued in his personal capacity for a claim that was discharged in his bankruptcy."  *In re Barrineau*, Case No. 05-54948-C (Bankr. W.D. Tex. June 2006).

5.    Moreover, to support his frivolous argument[2], Gehi cites an unpublished decision *In re Jesse M. Hilsen*, Case No. 87-11261 (S.D.N.Y. July 2008) in his "relevant law" section that the Trustee is time barred to bring a motion for a Rule 2004 examination inasmuch as Gehi's Debtors' case is "fully administered."  Rule 5009 clearly states that:

> If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

6.    In *Hilsen*, the court denied a third-party's Rule 2004 application

---

[1]Gehi appears to be making an argument for non-compliance to protect the Debtors from any discharge challenges; but that is not the issue before the Court.  The Trustee has made a well-founded application under Rule 2004 - - nothing more.

[2]The Trustee is holding in abeyance a motion to sanction Gehi for his frivolous pleading; it is hoped, however, that upon reading this reply, Gehi will recognize his egregious errors and withdraw his opposition.

inasmuch as: (a) the case was fully administered (i.e., the Trustee had indeed, filed a final report, unlike the instant case), and (b) the non-debtor party who filed the Rule 2004 application sought it with respect to non-estate property (not the case here), which property was "lost" some <u>fifteen years</u> prior to the application. Those facts are inapposite to the instant case. Here, not only is the case still open, it is only 7 months old, and the Application is being sought by the Trustee. Clearly, Gehi's frivolous argument is in violation of Rule 3.1 of the Rules of Professional Conduct.[3]

**II.    The Rule 2004 Application is not made in bad faith and is
         not being used as a sword to harass the Debtors**

7.    The role of a chapter 7 trustee is to "investigate the debtor's affairs to discover and recover assets for the benefit of creditors of the debtor." *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). As this Court is well aware, Bankruptcy Rule 2004 provides for inquiries ranging broadly over any "acts, conduct, or property [of the debtor] or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate. . . . Fed. R. Bankr. P. 2004(b).

---

[3]    3.1(a) A lawyer shall not bring or defend a proceeding, or asset or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. . . .

3.1(b) A lawyer's conduct is "frivolous" for purposes of this Rule if:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;
(2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or
(3) the lawyer knowingly asserts material factual statements that are false.

3

As Your Honor stated in *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996):

> [Rule 2004's] purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick "<u>fishing expedition</u>" into general matters and issues regarding the administration of the estate. *In re GHR Energy Corp.*, 33 Bankr. 451, 452 (Bankr. D. Mass 1983) (citing *In re Foerst*, 93 F. 190-91 (S.D.N.Y. 1899)). *See also In re Dinubilo*, 177 Bankr. 932, 939 (E.D. Ca 1993); *In re French*, 145 Bankr. 991, 992 (Bankr. D. S.D. 1992); *In re Table Talk*, 51 Bankr. 143, 145 (Bankr. D. Mass. 1985); *In re Silverman*, 36 Bankr. 254, 258 (Bankr. S.D.N.Y. 1984) [emphasis added].

8. Further, Bankruptcy Rule 2004 may be used to determine whether the debtor has a viable claim for relief against a third party. *See Ionosphere Clubs, Inc.* 156 B.R. 414, 432 (S.D.N.Y. 1993) *aff'd*, 17 F.3d 600 (2d Cir. 1994).

9. The information that the Trustee seeks concerns not only the Debtors' "acts, conduct, or property" or "liability and financial condition," but also relates to possible fraudulent transfers and/or other claims against others who may have received assets of the Debtors without fair consideration.

10. Further, the document request may be broad and, if so, rightfully so under the law, but it is not overly broad in that it encompasses a period of six years prior to the filing of the petition (or the life of the Debtors' wholly owned business if less than six (6) years), so that it can be determined, under federal and state law, whether any fraudulent transfers have occurred. It is well established law that a Bankruptcy Rule 2004 examination, especially one conducted by the trustee of the given debtors can be extremely broad; indeed, it can be a "fishing expedition" although that is not the case here in that the Application is, as stated, well grounded.

11. Annexed as Schedule A is catalogue of documents received from and still needed from, the Debtors in order to administer properly the estate on behalf of creditors who, according to the Debtors' Petition and Schedules are owed in excess of $137,000.00. The Trustee's request is for the Debtors to produce only documents that have not been previously produced. Further, in paragraph 6 of the Application the Trustee states that: "[i]f documents demanded never existed, of if they once existed, but do not presently exist, then an affidavit explaining why they do not exist should be provided to the Trustee, although any such affidavit does not obviate the necessity for the examination, all Trustee's rights to which are preserved." Accordingly, the document request is not burdensome.[4]

12. A confluence of federal and state law permits a trustee to "look back" six years prior to the date of the filing of the petition. Thus, in order for a trustee to exercise fully and faithfully his fiduciary duties, it requires the production of documents and their review. To achieve that, the case law interpreting the scope of investigation under Rule 2004 has made it eminently clear such that such an investigation -- unlike the request for documents and an examination solely under Federal Rule of Civil Procedure 30 -- can, indeed, be a "fishing expedition."

13. That body of law makes particularly good sense in light of the difficulties trustees encounter in fully and faithfully discharging their fiduciary duties. They often face obstacles such as fires and floods (seemingly quite disproportionate in

---

[4]Also, it was uncovered based upon certain of the documents that the Debtors produced to the Trustee, that debtor, Eshwar Nauth Sukhrahm, filed separate tax returns in the last three years and, according to those returns, he lived at another address; however, according to the Debtors' answer to question 15 on the Statement of Financial Affairs, the Debtors neither lived apart nor had a prior address in the last three years. Furthermore, the Debtor's bank statements do not show another address for debtor, Eshwar Nauth Sukhrahm. This discrepancy affects the financial condition of the Debtors and, moreover, may be the subject of a referral to the Office of the United States Trustee.

5

number to those suffered by the general population), causing missing documents. They often face obstacles, sometimes purposely planted in their paths, by debtors and others, frustrating trustees' attempts to unearth truth in order to make some distribution, however small, to creditors; indeed, but for the trustee, creditors would receive nothing.

14. While no trustee or anyone else should seek the broad authority granted under the Rule and the case law interpreting it cavalierly, and that authority should not be abused, on the other hand, that authority should, in no way, be curtailed. Any such curtailment would impose debilitating effects upon trustees' ability to discharge their duties to investigate and administer an estate, and would serve as a chilling effect upon them, while permitting documents and evidence and truth to be concealed and slip away, much to the grave disservice of creditors, courts, and the entire bankruptcy system -- a system, in large part, predicated upon the authority given to trustees to investigate so as to unearth assets for the benefit of creditors.

## III. The Unrelated Park Cases Mentioned in Paragraph 29 of the Opposition

15. The Trustee knows that the cases of Song Park (Case No. 11-40745 (CEC)) and Yongdae Park (Case No. 11-40747 (CEC)), alluded to by Gehi in paragraph 29 of his opposition (the "Park Cases"), are irrelevant to the instant case. The Trustee also is cognizant of Justice Cardozo's statement that:

> Sometimes you will know that the fault is truly yours, in which event you can only smite your breast, and pray for deliverance thereafter. Sometimes you will feel that the fault is with counsel who have stupidly misread the obvious, in which event, thought your rail against the bar and the imperfect medium of speech, you will be solaced, even in your chagrin, by a sense of injured innocence. Sometimes, though rarely, you will believe that the misreading is less stupid than malicious in which event you will be wise to keep your

6

feelings to yourself. 48 Yale L.J. 489, 492 (1938-1939).

But, it seems that Gehi's repeated misrepresentations to the Courts, his completely inaccurate readings of the law, to say nothing of his unabashed malicious attacks upon the Trustee, inexorably constrain the Trustee to set the record straight. In the Park Cases, Gehi arrogated to himself the role of trustee by concluding that they were No Asset cases. That is for the trustee to decide, not debtors' counsel. Additionally, Chief Judge Craig overruled Gehi's objection to the Trustee's Rule 2004 Applications in those cases. Moreover, after examining the Park debtors pursuant to Chief Judge Craig's Order, it was learned that one of those debtors may have made a series of fraudulent transfers to or on behalf of a family member. Additionally, a referral has been made to the Office of the United States Trustee for Gehi's violation of Local Bankruptcy Rule 2017 inasmuch as, according to the debtors, they spent virtually no time with Gehi in preparation of the bankruptcy filings, and an attorney from Gehi's office stated that they do not keep time records, at all.

16. Finally, Gehi omits the fact that over the last year, the Trustee has been assigned four other chapter 7 cases with Gehi as the debtors' counsel; in all four of those cases the Trustee filed No Asset Reports within two months of the 341 meeting.[5]

---

[5]
1) Rosely Ann Gardner (Case No. 11-44815); Date of Filing: June 3, 2011; No Asset Report: July 22, 2011.
2) Panagiotis Demirakos (Case No. 11-43846); Date of Filing: May 6, 2011; No Asset Report: June 23, 2011.
3) Jasvinder Anand (Case No. 11-42233); Date of Filing: March 21, 2011; No Asset Report May 5, 2011.
4) Talat Islam (Case No. 11-40754); Date of Filing: February 1, 2011; No Asset Report March 11, 2011.

7

As for the "strained relationship," perhaps, to paraphrase Shakespeare, the fault lies not in the stars - - but in thyself, Mr. Gehi.[6]

## IV. Gehi's Request for Attorneys' Fees Should be Denied

17. As shown above, the Application and this reply comport with relevant statutory and case law. Section 521(a)(3) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

Section 521(a)(4) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to the property of the estate, whether or not immunity is granted under section 344 of this title.

18. In the instant case, Gehi does not dispute that at the initial Section 341 meeting the Trustee requested that the Debtors turn over all their financial books and records and that the Debtors failed to do so. In fact, the Trustee's accountant had to send Debtors' counsel several letters to obtain that which the Debtors were required to do at the Petition Date - - surrender their books and records to the Trustee. Had the Debtors produced all their "recorded information" instead of sending it to the Trustee over several months, this matter would not have been prolonged. Thus, it is disingenuous for Gehi to state that the Trustee has "prolong[ed] these proceedings and

---

[6] Julius Caesar, Act I, Scene II.

increase[d] litigation expenses" by scheduling a Rule 2004 examination in January 2012.

19. Further, Gehi argues that the Trustee violated the New York State Standards of Civility, adopted by this Court through Administrative Order #568 inasmuch as the Trustee filed the Application *ex parte*. Once again, Gehi is attempting to mislead this Court. The Advisory Committee Rules (1983) regarding Rule 2004 states that [a Rule 2004 motion] may be heard *ex parte*, as this Court has done on countless occasions and, moreover, has almost always granted them.

20. Gehi's opposition propounds several feeble arguments "unwarranted under existing law" and, moreover, given the tone and tenor of Gehi's opposition, it appears clearly maliciously motivated in an attempt to impose an undue burden on the Trustee. Thus, it is hoped that Trustees' efforts, under the law, will be supported by permitting the Trustee to obtain as many documents as possible for the six year period prior to the filing of the petition, and that this Application to obtain such documents and to examine the Debtors be granted, and this Court award the Trustee's counsel attorneys' fees to compensate the Trustee's counsel for having to respond to Gehi's frivolous arguments.

Dated: New York, New York
November 9, 2011

Respectfully submitted,

/s/ Robert L. Geltzer
Robert L. Geltzer (RG 4656)
Chapter 7 Trustee
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100