UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In Re:                                                    **Chapter 7**

**LALITA DEVI SUKHRAMN and**                **Case No. 11-42627 (JF)**
**ESHWAR NAUTH SUKHRAMN,**

                                      Debtors.
-------------------------------------------------------------

### APPLICATION FOR AN ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**TO THE HONORABLE JEROME FELLER,**
**UNITED STATES BANKRUPTCY JUDGE:**

ROBERT L. GELTZER, ESQ., the Trustee herein (hereinafter "Trustee" or the "Applicant"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

1.    On March 30, 2011 (the "Petition Date"), Lalita Devi Sukhramn and Eshwar Nauth Sukhramn, the debtors (hereinafter "Debtors"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.    Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about March 31, 2011, Applicant was appointed Trustee for the estate of the above-captioned Debtors, duly qualified, and is now acting as such Trustee.

3.    This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4.    Venue of this Application is proper pursuant to 28 U.S.C. § 1409.

5.    I am a member of the law firm of the Law Offices of Robert L. Geltzer, am the Trustee herein, and am fully familiar with the facts and circumstances of this case.

6.    At the meeting conducting pursuant to Section 341 of the United States Bankruptcy Code, various documents pertaining to the Debtors and their wholly-owned business were demanded, some of which were produced on or about May 3, 2011, and reviewed by the Trustee and his Court-appointed accountant, which review resulted in a letter for further documentation and explanation on May 10, 2011, to which additional documents were provided on or about May 31, 2011, which was similarly reviewed and resulted in a further request for documentation and explanation on or about June 22, 2011, which request was repeated on or about July 7, 2011 inasmuch as no further documentation or explanation was provided to that point in time or to date.

From the above, it appeared that, perhaps among other things, the Debtors or either one of them operated and/or were the sole owner(s) of Hollis West Indian and Restaurant Corp., from approximately 2007 through 2010, and additionally financed certain property, and additionally maintained various banking accounts by which substantial payments were made and whose payees and reasons for such payments must be determined, and additionally accumulated debt of approximately $137,000.00, much of which has been labeled business debts on Debtors' Schedule F.

7.    Whereupon, the Trustee applied for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 for the production of documents and the examination of the Debtor, which this Court granted on March 7, 2012; however, because this Court limited the production of documents, and Gehi refuses to provide more (except for paragraph 21 of the Letter, defined below), this Application has become necessary for the Trustee to have additional information, as set out in his September 10, 2012 letter to Gehi (the "Letter", attached as Exhibit "A"), to administer this case.  Gehi's refusal in his letter of September 12, 2012 is attached as Exhibit B, and Trustee's letter to Gehi on September 28, 2012 also is attached as Exhibit C, to which Gehi has failed to respond, in violation of the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010.

8.     The examinations of the documents and the Debtors are essential to determine whether any preferences exist, whether any fraudulent conveyance actions exist, whether any assets have been concealed, whether any of the Debtors' assets were improperly used for the personal benefit of the Debtors, and/or others, etc.

9.     With respect to the business entity(s) in which Debtors had an interest(s), the documents being sought are for the period of 6 years prior to the filing of the petition to date, or for the shorter life of said entity(s) during the period of 6 years prior to the filing of the petition to date.

10.     If documents demanded never existed, of if they once existed, but do not presently exist, then an affidavit explaining why they do not exist should be provided to the Trustee, although any such affidavit does not obviate the necessity for the examination, all Trustee's rights to which are preserved.

11.     The examinations are also necessary in order to discover whether the petition is true and accurate.

12.     Federal Rule of Bankruptcy Procedure 2004(a) ("Rule 2004") states that: "On motion of any party in interest the Court may order the examination of any person." Subdivision (b) of Rule 2004 states that the scope of such an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of a debtor's estate . . . ." Subdivision (c) of Rule 2004 provides for the production of documents.

13.     The documents requested relate to the petition and schedules filed by the Debtor and other "document[s] for filing", as that term is defined in 11 U.S.C. §110(a)(2), and are, therefore, within the parameters of Rule 2004. See In re Drexel Burnham Lambert Group, Inc., 112 B.R. 584 (Bankr. S.D.N.Y. 1191); see also In the Matter of Isis Foods, Inc., 33 B.R. 45 (Bankr. W.D. Mo. 1983) (establishing that under the discovery powers provided to trustees in bankruptcy, the trustee is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to the debtor).

14.    The scope of examination that may be conducted pursuant to Rule 2004 "is exceptionally broad and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.'  Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to a 'fishing expedition.'  In re Duratech Indus., Inc., 241 B.R. 283 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 [Bankr. D. Mass. 1983]).  See also, in re Bakalis, 199 B.R. 443 (Bankr. E.D.N.Y. 1996) (the scope of an examination pursuant to Rule 2004 may be broad and unfettered).  In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984).

15.    A Rule 2004 examination may "properly extend to creditors and third parties who have had dealings with the debtor." In re Fearn, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989); In re Financial Corporation of America, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) (Rule 2004 examination "may extend to third parties who have had dealings with the debtor); In re GHR Companies, Inc., 41 B.R. at 660 ("The clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors."); Johns-Manville, 42 B.R. at 364 (Rule 2004 examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him.")(citation omitted).

16.    In particular, it is well established that Rule 2004 examinations of third parties may be used as a pre-litigation device to investigate the merits of causes of action that may belong to the debtor.  See In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (Rule 2004 "examinations may be used to prepare for initiation of litigation"); In re Kitchen Fare Food Service, Inc., 70 B.R. 501 (Bankr. E.D. Mich. 1987) (Rule 2004 "is a powerful tool, allowing an attorney investigating a claim to perform almost all of the necessary discovery before filing an action."); In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (granting trustee's request to conduct Rule 2004 examinations of two third parties where trustee was investigating

potential antitrust claims against the proposed examinees and another third party); <u>In re</u>
<u>Bonneville Pacific Corp.</u>, 1992 WL 725360 (Bankr. D. Utah Dec. 17, 1992) ("[T]he very purpose
of Rule 2004 is, principally, to give the trustee or someone coming into the picture new, the right
to find out whether justification exists for filing of litigation.").

      17.     Rule 2004 permits "wide latitude of examination of 'persons closely
connected to the [debtor] in business dealings . . . for the purpose of uncovering assets and
unearthing frauds.'" <u>In re Arkin-Medco, Inc.</u>, 44 B.R. 138, 140 (Bankr. S.D.N.Y. 1984) (citing <u>In</u>
<u>Matter of Olin of N.Y.</u>, 4 B.C.D. 1184 (Bankr. S.D.N.Y. 1979)).  For example, discovery of
documents, agreements and information "which could conceivably establish that . . . [third]
parties . . . received a fraudulent transfer from the debtors . . . pertain[s] to the debtors' property
and financial condition, and obviously would have an effect on the administration of their estate.
. . . Such information clearly falls within the confines of a Rule 2004 examination." <u>Fearn</u>, 96
B.R. at 138.  <u>See also</u> <u>In re Sun Medical Management, Inc.</u>, 104 B.R. 522, 524 (Bankr. M.D. Ga.
1989) (allegation that conveyance between two non-debtor parties was fraudulent as to debtor
justified use of Rule 2004 examinations to allow debtor to question various individuals and
corporations with knowledge of the circumstances of the conveyance).

      18.     The standard for determining the propriety of a discovery request under
Rule 2004 is "good cause."  <u>See</u>, <u>e.g.</u>, <u>In re Grabill Corp.</u>, 109 B.R. 329, 334 (Bankr. N.D. Ill.
1989).  "Under that standard, the movant must show some reasonable basis to examine the
material . . . [and] that the requested documents are necessary to establish the movant's claim
or that denial of production would cause undue hardship or injustice." <u>Brabill</u>, 109 B.R. at 334.

      19.     The Trustee clearly has "good cause" for the requested Rule 2004
discovery.

      20.     The role of a chapter 7 trustee is to "investigate the debtor's affairs to
discover and recover assets for the benefit of creditors of the debtor." *In re Vantage Petroleum
Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983).  As this Court is well aware, Bankruptcy Rule
2004 provides for inquiries ranging broadly over any "acts, conduct, or property [of the debtor] or

to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate. . . . Fed. R. Bankr. P. 2004(b).  The scope of the inquiry permitted is so broad that it can"legitimately be in the nature of a fishing expedition."  *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).  *See also*, *Johns-Manville, Corp.,* 42 B.R. 362 364 (S.D.N.Y. 1984) citing *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass 1981) (The examination taken may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him.") *In re Bakalis*, 199 B.R. 443 337 (Bankr. E.D.N.Y. 1996) (same).

21.    Further, Bankruptcy Rule 2004 may be used to determine whether the debtor has a viable claim for relief against a third party.  *See Ionosphere Clubs, Inc.* 156 B.R. 414, 432 (S.D.N.Y. 1993) *aff'd*, 17 F.3d 600 (2d Cir. 1994).

22.    The information that I seek concerns not only the Debtors' "acts, conduct, or property" or "liability and financial condition," but also relates to possible fraudulent transfers and/or other claims against others who may have received assets of the Debtor without fair consideration.

23.    Further, the document request is not overly broad in that it encompasses a period of six years prior to the filing of the petition (or the life of the Debtors' wholly owned business if less than six (6) years), so that it can be determined, under federal and state law, whether any fraudulent transfers have occurred.  It is well established law that a Bankruptcy Rule 2004 examination, especially one conducted by the trustee of the subject debtor can be extremely broad; indeed, it can be a "fishing expedition" although that is not the case here in that the Application is, as stated, well grounded.

24.    A confluence of federal and state law permits a trustee to "look back" six years prior to the date of the filing of the petition.  Thus, in order for a trustee to exercise fully and faithfully his fiduciary duties, it requires the production of documents and their review.  To achieve that, the case law interpreting the scope of investigation under Rule 2004 has made it eminently clear such that such an investigation -- unlike the request for documents and an

examination solely under Federal Rule of Civil Procedure 30 -- can, indeed, be a "fishing expedition."

That body of law makes particularly good sense in light of the difficulties trustees encounter in fully and faithfully discharging their fiduciary duties.  They often face obstacles such as fires and floods (seemingly quite disproportionate in number to those suffered by the general population), causing missing documents.  They often face obstacles, sometimes purposely planted in their paths, by debtors and others, frustrating trustees' attempts to unearth truth in order to make some distribution, however small, to creditors; indeed, but for the trustee, creditors would receive nothing.

25.    While no trustee or anyone else should seek the broad authority granted under Rule 2004 and the case law interpreting it cavalierly, and that authority should not be abused, on the other hand, that authority should, in no way, be curtailed.  Any such curtailment would impose debilitating effects upon trustees' ability to discharge their duties to investigate and administer an estate, and would serve as a chilling effect upon them, while permitting documents and evidence and truth to be concealed and slip away, much to the grave disservice of creditors, courts, and the entire bankruptcy system -- a system, in large part, predicated upon the authority given to trustees to investigate so as to unearth assets for the benefit of creditors.

26.  Thus, it is hoped that trustees' efforts, under the law, will be supported by permitting the Trustee to obtain as many documents as possible for the six year period prior to the filing of the petition, and that this Application to obtain such documents and to examine be granted.

27.    The Debtors' rights in no way will be prejudiced if the Court grants the Applicant's motion and grants an Order for the examinations of the Debtors.  The creditors' rights will be substantially prejudiced if the Court does not Order the examinations of the Debtors.

28.    In light of all of the above and the high likelihood that the Court will grant the Trustee's Application for an Order to examine pursuant to Rule 2004, this application is being made ex parte.

29.    No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, your affirmant prays that this Court enter the attached tendered Order allowing the Law Offices of Robert L. Geltzer to obtain various documents from, and to examine, Lalita Devi Sikhramn, and Eshwar Nauth Sukhramn, and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
         November 2, 2011

                    ROBERT L. GELTZER, ESQ.,
                    Chapter 7 Trustee
                    1556 Third Avenue, Suite 505
                    New York, New York 10128
                    (212) 410-0100


                    By: /s/ Robert L. Geltzer
                       ROBERT L. GELTZER (RG 4656)