UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In Re:                                                                   Chapter 7

**LALITA DEVI SUKHRAMN and**                      Case No. 11-42627 (JF)
**ESHWAR NAUTH SUKHRAMN**,

                          Debtors.
-----------------------------------------------------------

**TRUSTEE'S REPLY AFFIRMATION TO DEBTORS' OBJECTION TO TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 2004 AUTHORIZING THE PRODUCTION OF DOCUMENTS AND THE EXAMINATIONS OF DEBTORS**

        ROBERT L. GELTZER, ESQ., the trustee herein (the "Trustee"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

        1.    On March 30, 2011 (the "Petition Date"), Lalita Devi Sukhramn and Eshwar Nauth Sukramn, the debtors (hereinafter "Debtors"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code").

        2.    Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about March 30, 2011, Robert L. Geltzer, Esq. was appointed Trustee for the estate of the above-captioned Debtors, duly qualified, and is now acting as such Trustee.

        3.    On November 2, 2011, I made an application (the "Application") for an order under Federal of Rule of Bankruptcy Procedure 2004 ordering the production of documents and the examinations of Debtors all of which is incorporated and made a part hereof by this reference thereto, and appears as Docket #62.

4. Because much of, if not most of, Debtors' objection to my Application (the "Objection") either is incorrect, repetitious, and/or irrelevant, only those portions which are not will be addressed herein. First, the 2004 examination conducted pursuant to this Court's February 29, 2012 Order pursuant to Federal Rule of Bankruptcy Procedure 2004 was not concluded. Second, Naresh M. Gehi's, Esq., ("Gehi") the attorney for the Debtors statements that: "There is no evidence of unlawful behavior by the Debtors," and thus, "The trustee's motion should be denied," is simply a ridiculous red herring; no "unlawful" behavior by the Debtors was alleged.

5. I can't help but wonder why Gehi in paragraph 16 continues and persists to perpetuate what is, at best, wrong and, at worst, certainly by now, "frivolous" and in violation of Rule 3.1(a) of the New York Rules of Professional Conduct. I also wonder why Gehi persists in trying to defend his clients against "fraud" about which they have not been accused; could it be that Gehi simply does not understand the difference between common law fraud and a statutory fraudulent conveyance under the Code, also which has not thus far been alleged, or does he just seeking intentionally to obfuscate?

6. Similarly, shouldn't something be done either to help Gehi or to stop Gehi from perpetuating an argument that foolishly attempts to link the time limits under Federal Rule of Bankruptcy Procedure 4004 with an application for documents and examination under Federal Rule of Bankruptcy Procedure 2004 -- especially when I have done nothing to hold-up the Debtors' discharges and, at the present time, I am not seeking to revoke them. I wonder why I (or for that matter any attorney in the future) should be subjected to having to respond to such foolish and frivolous arguments, as

Gehi propounds in paragraphs 18 through 22. Certainly, it is hoped that Gehi is not charging his clients for such foolhardiness.

   7. Furthermore, that which I am presently seeking, clearly set out in my relatively concise letter of September 10, 2012 to Gehi, annexed as Exhibit "A" to my Application, and to which I gave Gehi, as a matter of courtesy, another opportunity to respond on September 28, 2012, is not harassing; it is doing my job; if anything accusing me of harassing is, indeed, harassing and something should be done about Gehi making such accusations over and over again. I am simply seeking certain documents and certainly do not want to conduct a lengthy examination but wish to limit it to questions not answered in the commenced, but not completed, examination, and to those raised by the documents sought to be produced. My good faith is demonstrated by my doing my job, and offering Gehi, by way of my letters, an opportunity to provide voluntarily the documents needed to administer the case; Gehi has refused.

   8. Without re-requesting all of the information requested in my September 10, 2012 letter, in order to respond to Gehi's paragraphs 29 through 37, simply put, all of the information has not been provided, and all of the questions have not been answered, as follows:

• Regarding Gehi's paragraph 29 relative to my September 10, 2012 question #1, it is not beyond the "scope of the administration of the estate."

• Regarding Gehi's paragraph 30 relative to my September 10, 2012 question #2, nothing has been provided by affidavit or documents. According to Lalita Eshwar's deposition, she does not know how total assets of $111,000.00 at the end of 2008 were reported or their disposition.

- Regarding Gehi's paragraph 30 relative to my September 10, 2012 question #4, nothing has been provided to us by affidavit or documents to show disposition of $111,435.00.

- Regarding Gehi's paragraph 30 relative to my September 10, 2012 question #14, nothing has been provided to us by affidavit or documents to explain what happened to all the assets of the Bakery during the course of 2009, while the 2009 tax return for the Bakery shows zero dollars in assets at the end of the year.

- Regarding Gehi's paragraph 31 relative to my September 10, 2012 question #3, nothing has been provided to us by affidavit or documents from Debtor or from their accountant.

- Regarding Gehi's paragraph 31 relative to my September 10, 2012 question #5, nothing has been provided to us by affidavit or documents to show how the two withdrawals totaling $12,000.00 were disbursed.

- Regarding Gehi's paragraph 32 relative to my September 10, 2012 questions #6 and 7, Schedule F was purportedly amended, but it is unclear whether the purported amended schedules are legally valid in that they were never served upon me.

- Regarding Gehi's paragraph 32 relative to my September 10, 2012 question #8, has been answered.

- Regarding Gehi's paragraph 32 relative to my September 10, 2012 question #9, we did not receive a copy of the 401k statement.

- Regarding Gehi's paragraph 33 relative to my September 10, 2012 question #10, no response has been provided.

• Regarding Gehi's paragraph 34 relative to my September 10, 2012 question #11, we still have not received a copy of Lalita Sukhramn's 2010 personal tax return.

• Regarding Gehi's paragraph 34 relative to my September 10, 2012 question #12, a response was provided by way of copy of the tuition plan. From it, it appears that at the end of 2010 and early 2011, some payments were made for Andrew Sukhramn, but does not show whether they are complete.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #13, according to Eswar Sukhram's deposition, he does not know how he lost $39,750.00 at the end of the year, but yet showed retained earnings of $86,000.00, whose explanation still has not been provided.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #15, no documentation showing how the $25,000.00 check was disbursed was provided.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #16, no documents has been provided to show the source(s) of $23,467.00 of deposits.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #17, the source of $9,456.00 of deposits has not been provided.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #18, the source of $3,700.00 of deposits has not been provided.

• Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #19, has been addressed.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #20, the use of $6,200.00 cash withdrawal was not provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #21, the use of the $9,000.00 withdrawal was not provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #23, even though the Eshwar testified that he did not know why he withdrew the $20,000.00, it is a check for $20,000.00 (check #2500), a copies of the front and back of which has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #24, the use of the $5,800.00 withdrawal has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #25, the source of the $4,160.00 deposit has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #26, the source of the $4,913.00 deposit has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #27, the source of the $4,226.00 deposit has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #28, the source of the $3,115.00 deposit has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 question #29, the source of the $1,719.00 deposit has not been provided.

- Regarding Gehi's paragraph 35 relative to my September 10, 2012 questions #36 and 37, Gehi should enlighten himself as to the legal basis for the question and their just demands.

WHEREFORE, I respectfully request that the Objection be overruled, and my Application be granted in all respects.

Dated: New York, New York
November 26, 2012

Respectfully submitted,

/s/ Robert L. Geltzer
Robert L. Geltzer (RG 4656)
Chapter 7 Trustee
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100