**U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**
-------------------------------------------------------------x
**IN RE**                                                   :
                                                            :
**LALITA DEVI SUKHRAM and**               :  **Chapter 7 Case No.**
**ESHWAR NAUTH SUKHRAM**                  :
                                                            :  **11-42627 (JF)**
                                                            :
**Debtors.**                                                :
                                                            :
-------------------------------------------------------------x

**Hearing Date: December 18, 2012**
**Hearing Time: 10:00am**

<u>**DEBTORS' SURREPLY REGARDING TRUSTEE'S APPLICATION FOR AN ORDER**
**AUTHORIZING A RULE 2004(a) EXAMINATION AND AN ORDER**
**DIRECTING THE PRODUCTION OF DOCUMENTS**</u>

**U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**
-----------------------------------------------------------x
**IN RE**                                               :
                                                        :
**LALITA DEVI SUKHRAM and**        :    **Chapter 7 Case No.**
**ESHWAR NAUTH SUKHRAM**          :
                                                        :    **11-42627 (JF)**
                                                        :
**Debtors.**                                       :
                                                        :
-----------------------------------------------------------x

## DEBTORS' SURREPLY REGARDING TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING A RULE 2004(a) EXAMINATION AND ORDER DIRECTING THE PRODUCTION OF DOCUMENTS

1.  Debtors Lalita Devi Sukhram ("Ms. Sukhram") and Eshwar Nauth Sukhram ("Mr. Sukhram," and together with Ms. Sukhram, the "Debtors"), by and through undersigned counsel, submit the present surreply in opposition to the November 2, 2012 application (the "Application") by Trustee Robert L. Geltzer, (the "Trustee") for an order authorizing examination pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure and an order directing the production of documents pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedure. The Trustee already conducted Rule 2004(a) examinations of the Debtors on March 21, 2012, and the Debtors have provided the Trustee with all the documentation they are able to provide in connection with their chapter 7 case. This Court issued an order dated February 29, 2012 limiting production of documents by the Debtors. This Court also entered an order granting the Debtors a discharge on September 13, 2011. After all the discovery that has been

completed, the Trustee has been unable to identify assets for distribution, and the reason is that there are none. The Trustee's Application should be denied.

I.     **The Trustee's Application under Rule 2004 imposes an undue burden on the Debtors; they have already attended Rule 2004 examinations.**

2.   The Debtors <u>have provided all the information</u> requested of them that is relevant to the administration of the estate, the only exceptions being certain bank statements that they are unable to obtain because the Debtors <u>cannot</u> afford to pay the bank for them, and certain business records that the Debtors have been unable to locate. Debtors' October 19, 2011 Opposition to 2004 Examination Docket #25, Ex. A ¶ 9. The Debtors are undergoing a difficult and stressful period financially and mentally, and they feel that the Trustee's demands are overbroad, unreasonable, and duplicative. <u>See id.</u> ¶ 1, 9. If the Debtors need to take off a day off from work to appear for another Rule 2004 examination, they will not be paid and the financial hardship that their family has been suffering will only be exacerbated. <u>Id.</u>

3.   It is well-settled that a debtor is not required to produce books and records of her business if she can demonstrate that her lack of books and records is justified. <u>In re Yerushalmi</u>, 393 B.R. 288, 297 (Bankr. E.D.N.Y. 2008). To determine whether a debtor's lack of books and records is justified, courts evaluate whether the absence of records is reasonable given the debtor's particular circumstances. <u>In re Underhill</u>, 82 F.2d 258, 259-60 (2d Cir. 1936); <u>Meridian Bank</u>, 958 F.2d 1226 (3rd Cir. 1992). It is a "loose test, concerned with the practical problems of what can be expected of the type of person and type of business involved." <u>Morris Plan Indus. Bank of N.Y. v. Dreher</u>, 144 F.2d 60, 61 (2d Cir. 1944).

4. A debtor's personal difficulties also justify his or her inability to produce books and records. In re DeRise, 394 B.R. 677, 688-89 (E.D.N.Y. 2008); In re Benningfield, 109 B.R. 291, 293 (Bankr. S.D. Ohio 1989). Here, the Debtors have provided all the business records that they have in their possession, as they detailed in their November 9, 2012 opposition to the Trustee's Application. They have endured burdensome expenses to obtain records from their bank, and they simply cannot afford to pay for the acquisition of more documentation from their bank. The copious paperwork that they have submitted was detailed in their opposition to the Trustee's Application. They also provided the contact information of their accountant, who helped them to maintain the books and records for their business. The Debtors already stated during their 2004 examination that they did not recall every detail pertinent to the Trustee's questions, and they provided affidavits discussing the documents they were able to provide and the ones they were not able to provide. The Trustee can issue subpoenas to obtain additional bank records. Instead the Trustee harasses the Debtors with duplicative questions, the answers to which the Debtors have either provided or cannot recall. There is no new information that the Debtors could provide at a subsequent 2004 examination.

5. The Debtors urge the Court to consider whether yet another rigorous Rule 2004 examination is truly necessary in this case before subjecting the Debtors to an intrusive examination and prolonging their case. As demonstrated herein and as reiterated in the past, the Debtors have cooperated with the Trustee's numerous requests for documents and explanations. The Debtors will suffer an undue burden if the application for a Rule 2004 examination is granted, as it will be duplicative of the efforts already made by the

Debtors to comply with every request for documentation and explanations and is therefore prohibited under Federal Rule of Civil Procedure 45(c).

6.  The Trustee states in his Application that with regard to documents demanded that never existed or do not presently exist, an affidavit must be provided to explain why they do not exist. Motion ¶ 9. Affidavits were provided, as detailed in the Debtors' November 9, 2012 opposition. The Trustee states that further 2004 examinations are necessary in order to discover whether the petition is true and accurate. There have already been Rule 2004 examinations in which the petition was discussed in detail; there has also been copious document production. If by now the Trustee has not been able to ascertain such basic information about the chapter 7 case, it is because the Trustee chooses to ignore the information that has been provided to him. The Debtors should not be punished for the Trustee's noncooperation. The Trustee's Application should be denied.

7.  The Debtors are willing to provide additional copies of documents already provided, but each time the Debtors have agreed to do so, they have <u>received threatening, harassing letters</u> from the Trustee demanding further information that the Debtors do not have and are not able to access. The Debtors only ask that the Court help to set a reasonable end to the document production and examinations of the debtors. Each instance of cooperation by the Debtors has been met with duplicative, intimidating demands by the Trustee.

## II.    <u>No creditors have objected to the administration of the Debtors' estate, and the Debtors have already been granted a discharge.</u>

8.  With regard to the Debtors' discussion of Rules 2004 and 4004 of the Federal Rules of Bankruptcy Procedure, the Debtors seek to note that the Court has issued a discharge, and the Trustee himself states in his November 26, 2012 reply that he is not seeking to revoke

the discharge that has been granted. The present case is a no-asset case and the Trustee has failed to find or identify the existence of any possible assets in his application despite the Debtors' extensive responses through documentation and testimony. The Debtors have already complied with numerous requests for documents, have suffered much financial and emotional hardship, and wish to move forward with their lives.

9.  The Debtors apologize to the Court if the discussion of Rule 2004 was confusing or incorrect in any way. Their comportment through this case should make it amply clear that their intention has been to move their chapter 7 case forward rather than to slow the administration of the case. It is the Debtors' concern that the Trustee is not acting in the best interest of the estate and that the administration of justice in their case has suffered due to the severed relationship between the Trustee and undersigned counsel's firm. The Trustee in his reply affirmation continues to fixate on "Gehi" instead of focusing on the substance of the case. Counsel has not been subjected to such harassment or such duplicative requests in any case before any other trustee.

10. The Debtors have cooperated in full good faith with the administration of their chapter 7 case and there is no legal justification or rational purpose for further discovery in the present case.

## **CONCLUSION**

11. WHEREFORE, Debtors respectfully request that this Court use its discretion in issuing an order to:

    a.  deny the Application;

    b.  impose attorney's fees and/or such other or further relief as this Court may deem just and proper to the Debtor under Fed. R. Civ. P. § 45(c)(1);

c.   and grant such other and further relief that this court may deem to be just and

proper.

Dated November 30, 2012                 By: /s/_Naresh M. Gehi, Esq._____
                                        Naresh M. Gehi, Esq.
                                        Monica E. Ahmad, Esq.
                                        Gehi & Associates
                                        118-21 Queens Blvd., Suite 411
                                        Forest Hills, N.Y. 11375
                                        Telephone: 718-263-5999
                                        Counsel to Debtors

## CERTIFICATE OF SERVICE

Monica E. Ahmad certifies, pursuant to 28 U.S.C. Section 1746, as follows:

1. I am employed by the law firm of Gehi and Associates, attorneys for
   Debtors Lalita Devi Sukhram and Eshwar Nauth Sukhram.

2. On November 30, 2012, I caused copies of the following documents to be delivered to
   the following addresses, via Federal Express overnight delivery: The Chambers of the
   Honorable Judge Jerome Feller, 271 Cadman Plaza East, Room 1595, Brooklyn, NY
   11201; U.S. Trustee's Office, 271 Cadman Plaza East, Room 4529, Brooklyn, NY 11201
   (Attn: Marylou Martin, Esq.), Robert L. Geltzer, Esq., Law Offices of Robert L. Geltzer,
   1556 Third Avenue, Suite 505, New York, NY 10128

a) Surreply Regarding Trustee's Application for an Order Authorizing a Rule 2004(a)
   Examination and an Order Directing the Production of Documents

3. I certify under penalty of perjury that the foregoing is true and correct.


Executed on November 30, 2012


/s/ Monica E. Ahmad
Monica E. Ahmad